**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 28 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Omar Armando Granados, | No. 21-749 |
| Petitioner, | Agency No.    A094-321-581 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2023**
Pasadena, California

Before: PAEZ, CHRISTEN, and MILLER, Circuit Judges.

Omar Armando Granados, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' (BIA) decision denying his

application for withholding of removal, protection under the Convention

Against Torture (CAT), and cancellation of removal.  We have jurisdiction

pursuant to 8 U.S.C. § 1252(a).  We review de novo questions of law.  *Ahmed v.*

---

  \*     This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

  \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review for substantial evidence the BIA's determination that Granados is not eligible for withholding of removal or protection under CAT. *Shrestha v. Holder*, 590 F.3d 1034, 1039, 1048 (9th Cir. 2010). Because the parties are familiar with the facts, we recite only those necessary to decide the petition.

As to withholding of removal, the BIA properly found that Granados' fear of gang violence in El Salvador "bears no nexus to a protected ground." Granados argues only that he "will be targeted by gangs because he would be coming from the United States and would be perceived to have money," but we have held that those "returning . . . [from] the United States [who] are believed to be wealthy" is too broad to qualify as a cognizable "particular social group." *Barbosa v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019).

As to CAT relief, Granados argues that he has "a reasonable fear of future torture." Specifically, he points to a 2020 State Department report demonstrating that torture occurs in El Salvador, and he argues that law enforcement often turns a blind eye. But Granados makes no attempt to demonstrate that he would face any particularized risk of torture, or to otherwise explain why he is "more likely than not" to be tortured if returned to El Salvador. 8 C.F.R. § 208.16(c)(2). As such, the BIA's conclusion that Granados "has not established . . . it is more likely than not he will be tortured by or at the instigation of or with the consent or acquiescence . . . of a public official," is supported by substantial evidence.

2

Finally, Granados argues that he is entitled to cancellation of removal based on exceptional and extremely unusual hardship to his U.S.-citizen wife and stepson. On appeal, Granados asserts that the IJ and BIA applied the wrong legal standard, but he fails to identify any legal error, instead explaining the hardship that would result from his removal. We lack jurisdiction to review the BIA's discretionary determination that Granados failed to satisfy the "exceptional and extremely unusual hardship" requirement for cancellation of removal. *Romero-Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir. 2003) (quoting 8 U.S.C. § 1229b(b)(1)(D)).

The motion for a stay of removal (Dkt. No. 2) is denied.

**PETITION DISMISSED in part and DENIED in part.**